[No. F063805. Fifth Dist. Jan. 17, 2013.]

KASSEY S., Plaintiff and Appellant, v.
CITY OF TURLOCK, Defendant and Respondent.

**COUNSEL**

Law Offices of Brian C. Davis and Brian C. Davis for Plaintiff and Appellant.

Borton Petrini and John J. Hollenback, Jr., for Defendant and Respondent.

OPINION

**GOMES, Acting P. J.**—Appellant Kassey S. was sexually assaulted by Turlock Police Officer Jorge Cruz on more than one occasion when she was participating as a minor in the Turlock Police Department explorer program. The assaults took place during one-on-one ride-alongs while Cruz was on duty. Kassey sued the City of Turlock (City) and the Turlock Police Department. In her third amended complaint, she alleged the City was vicariously liable for Cruz's negligence based on his breach of the mandatory duty to report the sexual abuse to a child protective agency under Penal Code section 11166, subdivision (a).[1] According to Kassey, had Cruz fulfilled his mandatory duty to report the first incident of sexual abuse, he would not have been able to commit subsequent acts of sexual abuse.

The trial court sustained the City's demurrer to the third amended complaint without leave to amend. The court held the Child Abuse and Neglect Reporting Act (§ 11164 et seq.) did not impose a "mandatory duty" on a mandated reporter to report his or her own acts of physical or sexual abuse of a minor since such a requirement would render the statute unconstitutional as a forfeiture of the mandated reporter's Fifth Amendment privilege against self-incrimination. Since the mandatory duty was not breached and the alleged molestations took place outside the course and scope of Cruz's employment, the court found the City could not be directly or vicariously liable for Cruz's actions.

On appeal, Kassey argues that because Cruz knew in his professional capacity as a peace officer that he had sexually abused her, section 11166, subdivision (a) required him to report that abuse. Kassey contends the City does not have standing to assert Cruz's Fifth Amendment privilege against self-incrimination because the privilege belongs to Cruz, and the "public safety exception" outweighed the privilege. We agree with the trial court and will affirm the judgment.

## DISCUSSION

■ It is well established that in a situation such as the one presented here, i.e., where a police officer sexually assaults a minor participating in a police explorer program, the police officer's employer is not vicariously liable for the misconduct. (*Doe 1 v. City of Murrieta* (2002) 102 Cal.App.4th 899, 906–907 [126 Cal.Rptr.2d 213].) Although the police officer is on duty, such misconduct does not come within the course and scope of the police officer's employment. (*Id.* at p. 907.)

---

[1] Undesignated statutory references are to the Penal Code.

Kassey acknowledges that the City cannot be held vicariously liable for Cruz's first assault. Nevertheless, she argues, the City can be held vicariously liable for Cruz's subsequent assaults based on his breach of his mandatory duty as a peace officer to report his first assault under section 11166, subdivision (a). According to Kassey, the City is liable under Government Code section 815.2 for the injuries proximately caused by Cruz's negligent failure to make this mandatory report. (Cf. *Alejo v. City of Alhambra* (1999) 75 Cal.App.4th 1180, 1185–1190 [89 Cal.Rptr.2d 768] (*Alejo*).) Thus, this appeal turns on the interpretation of section 11166, subdivision (a), a matter that is subject to our independent review. (*Padres Hacia Una Vida Mejor v. Davis* (2002) 96 Cal.App.4th 1123, 1130 [117 Cal.Rptr.2d 727].)

■ Section 11166, subdivision (a), provides that a mandated reporter shall make a report to one of the specified agencies "whenever the mandated reporter, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect." Peace officers are mandated reporters. (§ 11165.7, subd. (a)(19).) Accordingly, a police officer has a mandatory duty to investigate and report known or reasonably suspected child abuse that comes to his or her attention within the scope of his or her employment. (*Alejo, supra*, 75 Cal.App.4th at p. 1187.) If the police officer breaches that duty, the police officer and his or her municipal employer are subject to liability for any injuries proximately caused by the breach. (*Id.* at pp. 1189–1190.)

Kassey urges us to interpret section 11166, subdivision (a) as requiring a perpetrator of child abuse who is also a mandated reporter to report that abuse. While Kassey agrees Cruz was not acting within the scope of his employment when he committed the assaults, she asserts that both before and after the assaults Cruz was acting within the scope of his duties as a police officer and had a mandatory duty to report his own misconduct. She contends his failure to do so subjects the City to liability.

■ However, imposing a duty on a mandated reporter who abuses a child to report that abuse would require the mandated reporter to forfeit his or her Fifth Amendment privilege against self-incrimination. The constitutional guarantee against compelled self-incrimination does more than protect an individual from being forced to testify against him- or herself in a pending criminal proceeding; "[i]t also privileges a person not to answer official questions in any other proceeding, 'civil or criminal, formal or informal,' where he or she reasonably believes the answers might incriminate him or her in a criminal case." (*Spielbauer v. County of Santa Clara* (2009) 45 Cal.4th 704, 714 [88 Cal.Rptr.3d 590, 199 P.3d 1125].) Thus, the privilege protects a person both from being compelled to testify against him- or herself and from

being required to provide the state with evidence of a testimonial or communicative nature. (*Pennsylvania v. Muniz* (1990) 496 U.S. 582, 589 [110 L.Ed.2d 528, 110 S.Ct. 2638].) The privilege will be applied where the person is confronted by substantial and real, as opposed to merely trifling or imaginary, hazards of incrimination. (*Marchetti v. United States* (1968) 390 U.S. 39, 53 [19 L.Ed.2d 889, 88 S.Ct. 697].)

■ Requiring a mandated reporter to report his or her own acts of child abuse would amount to providing the state with evidence of that person's criminal acts, presenting a substantial and real hazard of criminal prosecution. For these reasons, Kassey's proffered interpretation of section 11166, subdivision (a), conflicts with the privilege against self-incrimination. ■ We will not interpret a statute in a manner that makes it unconstitutional.[2] (*Wainwright v. Superior Court* (2000) 84 Cal.App.4th 262, 267 [100 Cal.Rptr.2d 749].) ■ Therefore, under section 11166, subdivision (a), Cruz was not required to report his own sexual assaults. As Cruz did not breach a mandatory duty in the course and scope of his employment, there is no basis to find the City vicariously liable for Kassey's injuries.

■ Kassey contends the "public safety" exception to the admissibility of statements obtained in violation of *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] applies. Under this exception, a suspect's answers to police questions given without *Miranda* warnings may be admitted into evidence when the answers are needed to alleviate an immediate threat to public safety. (*People v. Davis* (2009) 46 Cal.4th 539, 592 [94 Cal.Rptr.3d 322, 208 P.3d 78].) According to Kassey, because Cruz was aware of the threat to her safety in his capacity as a peace officer, his mandatory duty to report child abuse outweighed his privilege against self-incrimination.

Contrary to Kassey's position, the "public safety" exception to the *Miranda* rule did not impose a duty on Cruz to report his own criminal behavior. First, a custodial interrogation was not involved. Moreover, there were no exigent circumstances. There is no justification for holding that Cruz waived his Fifth Amendment privilege merely because, as a police officer, he was a mandated reporter under the Child Abuse and Neglect Reporting Act. To so rule would render section 11166, subdivision (a), unconstitutional.

---

[2] Appellant argues the City does not have standing to assert Cruz's Fifth Amendment privilege against self-incrimination. However, the issue is not whether Cruz could assert the privilege, but whether appellant's proposed interpretation of section 11166, subdivision (a), would render the statute unconstitutional. Standing is irrelevant to the constitutional interpretation of the statute.

## DISPOSITION

The judgment is affirmed. Respondent is awarded its costs on appeal.

Kane, J., and Detjen, J., concurred.